This suit is for the foreclosure of a purchase-money mortgage executed by defendant to complainant to secure the payment of part of the purchase price of the mortgaged premises which were conveyed by complainant to defendant by a deed of conveyance containing a covenant of warranty of title. Defendant failed to answer and a final decree has been entered against him for the balance ascertained by the master to be due; the mortgaged premises have been advertised for sale pursuant to the decree. Defendant now seeks to be relieved of his default and to enjoy the protection of the defense set forth in the affidavits supporting his petition. *Page 2 
I am unable to doubt the duty of this court to afford defendant an opportunity to have the claims asserted by him, though now denied by defendant, judicially determined. Surprise is adequately shown by defendant's affidavit that he engaged a solicitor to file an answer and assert therein the defense now presented, and believed that to have been done until apprised of the contrary by the advertisement of sale. Merits of the defense now urged are adequately disclosed if the affidavits presented by defendant are found to be true. It is clear that their truth can be adequately tested only by an orderly trial involving an obviously difficult determination and adjudication of legal titles to land.
I am satisfied, however, that this court should not at this time open the decree and permit the proffered answer to be filed to the end that this court may finally adjudicate the legal titles which are the only subject of dispute between the parties. The defense is based upon a breach of the covenant of warranty of title. Constructive eviction of defendant from part of the mortgaged premises, of the nature given recognition in suits for breach of covenant in Kellog, Executor, v. Platt, Executor,33 N.J. Law 328, is disclosed; but no eviction by judicial determination and no pending suit either for eviction or for breach of the covenant of warranty. The defense is damages for breach of covenant; that and nothing more. The amount due is not disputed, if no deductions are to be made for damages sustained by defendant for the alleged breach of covenant. The issue presented is thus a single issue touching the legal title to real estate, and an ascertainment of the damages suffered from a breach of the covenant of title. That adjudication primarily belongs to our courts of law. Accordingly, in a case of this nature in which the disputed legal title has not been adjudicated and in which no suit to that end is pending I think the relief most appropriately to be afforded by this court against the pending foreclosure is an order staying the execution of the foreclosure decree on condition that defendant at once institute an action at law for damages for breach of covenant to the end that any recovery may be then credited on the foreclosure decree. *Page 3 
If the parties mutually prefer it, an issue at law may be here framed. These views touching appropriate procedure in the circumstances here existing find sanction in the early case ofCoster v. Monroe Manufacturing Co., 2 N.J. Eq. 467.