The bill seeks the foreclosure of a purchase-money mortgage. The deed of conveyance from complainant to the mortgagor, which deed was executed simultaneously with the mortgage to complainant, contains a covenant of general warranty of title. Defendants by their amended answer seek a credit on the mortgage, as an abatement from the purchase price, based upon the claim that the deed of conveyance conveyed less land than was bargained for. The specific claim of defendants is that complainant was without title to a portion of the land contained within the boundaries described in the deed of conveyance; for the value of that land defendants seek a credit on the mortgage, the claim being that the land to which complainant had no title could not be conveyed by complainant and in consequence was not conveyed to defendants.
In that defense defendants have mistaken their remedy through a failure to discern the distinction between a mistake in describing the land in the deed of conveyance which has resulted in a failure to embrace in the description all the land bargained for, and a failure of the grantee to get title to all the land bargained for by reason of a want of title in the grantor to part of the land described in the deed of conveyance; in the former circumstances this court is privileged to grant equitable relief; in the latter the remedy is at law for breach of covenant of title. As already stated, the deed of conveyance here in question contains a covenant of general warranty of title. When a deed of conveyance of that nature is executed and delivered the purchaser's measure of protection in matters of title is to be found in the covenants which he exacts from his vendor; and this court will not deem a covenant of general warranty of title to the land conveyed broken until eviction, actual or constructive. As to constructive eviction *Page 155 
see Kellogg v. Platt, 33 N.J. Law 328; Myers v. Fox,105 N.J. Eq. 1. If there has been an actual eviction by title paramount or a judgment against defendant in ejectment, or fraud, this court may afford adequate relief in the foreclosure suit through an abatement from the purchase price; if there has been a constructive eviction or an action at law is pending to try title of an adverse claimant the foreclosure may be stayed to await the trial of title at law. A review of the authorities controlling questions of this nature will be found in Hawthorne v.Odenson, 94 N.J. Eq. 588.
Testimony at some length was heard in this case, since the answer asserted fraud on the part of complainant. No fraud was established by the evidence. It was also disclosed by the evidence that the land described in the deed of conveyance embraced the land bargained for. The written agreement of sale described the property to be conveyed as follows:
"All that certain tract or parcel of land located on the Moorestown and Mt. Holly Pike, in Burlington county, New Jersey, and now known as the Rancocas Heights property, subdivided into certain building lots, and having remaining unsold thereon six hundred and forty-four lots, together with the meadow land on the north and the strip of land lying along the pike, which is the southwesterly point of said tract. For identification and for a better description of the said tract, there is attached hereto and made a part hereof, a blueprint of the same which is marked for identification `Exhibit A — May 4, 1925' and is signed with the initials of the parties hereto. Together with all the streets, rights of way and waterways belonging thereto."
The blueprint referred to discloses the meadow land touching which the principal claim for want of title is made by defendants. The deed of conveyance describes the exterior boundaries of the land by metes and bounds, following the highway and creeks disclosed on the map; it then excepts from the exterior boundaries so described certain land by metes and bounds and also certain building lots, and concludes:
"The tract of land herein described first contains within these bounds exclusive of exceptions above described, one hundred and twenty-four and eighty-three hundredths acres of land, be the same more or less." *Page 156 
It was not disclosed that the conveyance as made embraced less than the six hundred and forty-four lots, as referred to in the agreement, or contained less than the one hundred and twenty-four and eighty-three one-hundredths acres, as referred to in the deed of conveyance.
Defendants have filed a petition in the foreclosure suit seeking restraint against a judgment at law heretofore recovered on a guaranty of the payment of the amount due on the mortgage which is being foreclosed. The restraint sought by that petition must be denied.
A decree will be entered in favor of complainant for the amount which has been established as due on the mortgage.